AO 245B (Rev 12/10) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Bryan David Trujillo** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:11CR02872-001JB** |
| | USM Number: **64638-051** |
| | Defense Attorney: **Margaret Katze, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **1 and 2 of Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 841(b)(1)(C) | Possession with Intent to Distribute less than 100 Grams of Heroin | 10/03/2011 | 1 |
| 21 U.S.C. Sec. 856(a)(1), 21 U.S.C. Sec. 856(b) | Maintaining a Place of Distribution and Use of Heroin | 10/03/2011 | 2 |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**September 14, 2012**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**November 30, 2012**
Date Signed

Defendant: **Bryan David Trujillo**
Case Number: **1:11CR02872-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **51 months**.

**A term of 51 months is imposed as to each of Counts 1 and 2; said terms shall run concurrently for a total term of 51 months.**

**Defendant Bryan David Trujillo`s base offense level is 16. The Court applied a 2-level adjustment pursuant to U.S.S.G. § 2D1.1(b)(12), because Trujillo maintained a premises for the purpose of distributing a controlled substance. Because Trujillo qualifies as a career criminal under the Guidelines, however, his adjusted offense level is 32 under U.S.S.G. § 4B1.1. The Court granted a 3-level decrease to Trujillo`s offense level, pursuant to U.S.S.G. § 3E1.1, because Trujillo demonstrated an acceptance of responsibility for the offense, to come to Trujillo`s total offense level of 29. Trujillo`s criminal history is category VI. His advisory guidelines sentence is 151 to 188 months. Under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties stipulated to a sentence of 51 months.**

**The Court believes that a sentence of 51 months imprisonment, with three years supervised release, agreed to by the parties in the Plea Agreement, adequately reflects the seriousness of the crime that Trujillo has committed and will promote respect for the law, provide just punishment, and afford adequate deterrence. While the sentence varies considerably from the suggested range under the Sentencing Guidelines, the variance is justified, and the sentence is a more reasonable sentence and more faithfully promotes the sentencing goals Congress set forth in 18 U.S.C. § 3553(a).**

**The Court has carefully considered the parties` arguments in this case and Trujillo`s circumstances. The Court has identified a number of factors weighing in favor of accepting the parties` stipulation to the considerable variance downward, including: (i) the significant increase in the amount of jail time this sentence imposes, when Trujillo has never before been imprisoned for greater than 60 days, and in state court only; (ii) Trujillo`s criminal history, while lengthy, consists primarily of drug or alcohol related crimes; (iii) were Trujillo`s offense level not increased because of the career criminal provision pursuant to U.S.S.G. § 4B1.1, 51 months would be at the high end of a guidelines sentence; (iv) while the Court recognizes that possessing heroin with the intent to distribute, especially in Indian County, is a serious offense, the 51-month sentence is lengthy given the relatively small amount -- 12 grams -- of heroin which Trujillo is guilty of possessing; (v) Plaintiff United States of America`s case here appears to have areas of weakness, as both parties agreed at the sentencing hearing there were multiple arguments that Trujillo could make to suppress evidence, likely requiring substantial litigation and Court resources, with a possible suppression of evidence and acquittal; and (vi) given the United States` concession of the weaknesses in this case, and in light of Trujillo`s lengthy criminal history, the Court believes that some sentence is more appropriate than no sentence at all.**

**The substantial number of factors for a variance that Trujillo`s case presents, and that Trujillo`s status as a career offender under the Guidelines provides a minimum 151 months imprisonment, when he has spent only up to 60 days in a prison before his arrest in this case, make his case somewhat different than other career offender cases that come before the Court. The Court concludes that a variance to 51 months -- which would be the maximum of the range of a guidelines sentence for an offense level of 15, and a criminal history of VI, which would be Trujillo`s range if his prior drug felonies did not classify him as a career offender under the Guidelines -- is appropriate to reflect these factors and the other factors that the Court has identified as justifying the stipulated variance. Trujillo also seems to have substantial family ties and support. Notably, Trujillo`s parents attended his sentencing, many of his family members submitted letters to the Court, and Trujillo has a nine-year-old daughter, whom he stated is motivating him to turn his life around. Trujillo`s family ties thus make him a better candidate for rehabilitation than other defendants before the Court. The conditions the Court will impose as part of his sentence and supervised release will help him recover from his considerable history of substance abuse.**

**The Court notes that Trujillo was arrested for possession of heroin with the intent to distribute it from a hotel room in Indian County. The Court recognizes, however, that Trujillo was convicted of possessing only 12 grams and has never before been in federal court or federal prison. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account the parties` stipulation under rule 11(c)(1)C). Additionally, the Court has taken into account other sentencing goals. Other conditions that the Court will require as part of supervised release will also provide Trujillo with some needed education, training, and care to prevent these problems from reoccurring, particularly those related to his substance abuse problems. This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise**

fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). This 51-month sentence in a federal prison is still a serious sentence, especially in light of Trujillo having only been in state prison, and for a maximum of up to 60 days only, which is why the Court believes the sentence reflects the seriousness of the offense and promotes respect for the law. This variance will not create unwarranted sentencing disparities among similarly situated defendants; the variance can be justified by considering that if Trujillo was not a career criminal offender under the guidelines -- because of his convictions primarily consisting of drug and alcohol related problems -- this 51-month sentence would be the maximum Guidelines sentence for Trujillo`s offense criminal history levels. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Trujillo to 51-months imprisonment.

☒ The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends Phoenix Federal Correctional Institution, Phoenix, AZ or Florence Federal Correctional Institution, Florence, CO, if eligible.**
**The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at  on
  ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


_____
UNITED STATES MARSHAL

By

_____
DEPUTY UNITED STATES MARSHAL

Defendant: **Bryan David Trujillo**
Case Number: **1:11CR02872-001JB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

**A term of 3 years is imposed as to each of Counts 1 and 2; said terms shall run concurrently for a total term of 3 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Bryan David Trujillo**
Case Number: **1:11CR02872-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in and successfully complete an outpatient substance abuse treatment program, approved by the probation officer, which may include testing. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing to be determined by the Probation Office.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting alcohol, drugs, weapons, or any illegal contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.**

Defendant: **Bryan David Trujillo**
Case Number: **1:11CR02872-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐      The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $200.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A      ☒   In full immediately; or
B      ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.